In the Matter of EDWARD J. KELLY and JOHN P. WHALEN, Attorneys, Respondents. SAMUEL GREASON, Petitioner.

Second Department, April 20, 1970.

*Edward Margolin* for petitioner.

*Mullooly, Jeffrey & Rooney* (*Bernard Jeffrey* of counsel), for Edward J. Kelly, respondent.

*John P. Whalen*, respondent in person.

*Per Curiam.* By order of this court dated January 3, 1968 each respondent was suspended from the practice of law for a period of two years (*Matter of Kelly and Whalen*, 29 A D 2d 651). By subsequent order of the court, the effective date of the suspensions was extended from January 22, 1968 to February 5, 1968. On April 11, 1968 the Court of Appeals granted the respondents' motions for leave to appeal and stayed the operation of the suspension order pending the determination of the appeals (*Matter of Kelly and Whalen*, 21 N Y 2d 987). Thereafter, on December 12, 1968 the Court of Appeals modified the order of this court by vacating the suspension, dismissing all the remaining specifications of the petition (some of the specifications had been dismissed by this court), except specification B, and remanding the proceedings "for a new or additional hearing, as the Appellate Division may direct, for further consideration of specification B and the sanction to be imposed, if the specification be sustained" (*Matter of Kelly and Whalen*, 23 N Y 2d 368, 385). On June 2, 1969 this court ordered a new hearing as to both respondents, limited to this specification, and referred the matter to Mr. Justice Sol Wachtler for hearing and report.

Specification B (in paragraph 7 of the petition) charged that "[r]espondents, Kelly and Whalen have accepted referrals of claimants with resultant conflict of interest: (i) from adjusters and other employees of insurance companies, which companies had employed either one or the other of the respondents as adjusters; and (ii) from brokers, agents and assureds of insurance companies, which companies had employed either one or the other of the respondents." Specification B further charged that "[r]espondents also accepted referrals of claimants in negligence claims, which claimants were insured by Nationwide Insurance Company, although respondent, John P. Whalen, was working for Nationwide Insurance Company as an adjuster." With respect to this latter charge, the specification was amended at the hearing before Justice Wachtler to correct the erroneous statement therein that the "claimants were insured by Nationwide Insurance Company", since, in fact, such claimants were persons who had claims *against* assureds of that company.

The hearing was limited in scope, upon the consent of all the parties, to the issues of (1) whether the respondents had made full disclosure to their clients of this relationship and had obtained their consent and (2) whether or not any factors existed which would render such disclosure and consent immaterial. The respondents attempted to show that a full disclosure of Whalen's employment with Nationwide had been made to each of their clients; that the clients gave their consents with full knowledge thereof; and that such relationship in no way impaired the zeal with which the respondents' law firm prosecuted their claims.

The testimony of two of such claimants, however, contradicted the respondents' assertions.. One of these claimants testified that he did not recall Kelly ever mentioning Nationwide Insurance Company or that he had a partner named Whalen or that Whalen was employed by Nationwide. The other testified that he was never advised that Nationwide Insurance Company represented the interests of the person against whom the claim was asserted and that Kelly never told him that Whalen was his partner or that Whalen was employed by Nationwide.

Justice WACHTLER concluded that the respondents " did not satisfactorily establish knowledge and consent on the part of all of the mentioned clients with respect to their relationship with Nationwide Insurance Company "; and he made the following findings, *inter alia*: (1) Whalen represented one of the claimants in the prosecution of a claim against an assured of Nationwide while acting as an employee on behalf of Nationwide; (2) Whalen settled that claimant's claim while he represented and acted both as attorney for the claimant and also as an employee of Nationwide; (3) during the negotiation and settlement of that claim Whalen at no time advised the claimant that he represented the insurance company; (4) at no time during this period did he obtain the claimant's consent to his acting in such dual capacity; (5) the relationship between the respondents and the clients on the one hand and between Whalen and Nationwide on the other was so " sensitive that regardless of disclosure and consent, the likelihood of prejudice would be so great as to render such consent ineffectual "; (6) the acceptance of claims against Nationwide by Whalen while he was working for Nationwide was, in and of itself, a conflict of interest even if full disclosure to, and informed consent by, the clients were given; and (7) the foregoing findings apply not only to Whalen as specifically mentioned but also to Kelly,

both respondents being members of a partnership involved in the matters which were the subject of the hearing.

The petitioner has moved to confirm the report and the respondents have moved to disaffirm the report and to dismiss specification B. In our opinion, the findings of the Justice with respect to the aforesaid specification, as amended, are sustained by the proofs and, accordingly, the report should be confirmed as amended. The petitioner's motions are granted and the respondents' motions are denied.

We are in full accord with the conclusion of Mr. Justice WACHTLER that the respondents " placed themselves in a position which created inescapable divided loyalties as between their clients on the one hand and the insurance company on the other "; and, in our opinion, the respondents have failed to " dispel the apparent impropriety by showing prior full disclosure to and consent by the parties " (*Matter of Kelly and Whalen*, 23 N Y 2d 368, 376, *supra*).

The respondents have been found guilty of serious professional misconduct which relates to the very nature of the attorney-client relationship itself and, based upon all the facts and circumstances, it is our opinion that each respondent should be suspended from the practice of law for an additional period of six months. In imposing this discipline, we have taken into consideration the two-month period during which the respondents were suspended from the Bar, i.e., from the amended effective date of the prior order of suspension until the stay which was granted by the Court of Appeals. Accordingly, each respondent is suspended from the practice of law for a period of six months, commencing May 15, 1970.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Petitioner's motions granted, respondents' motions denied, report confirmed as amended, and respondents are suspended from the practice of law for a period of six months, commencing May 15, 1970, which period excludes the period during which respondents were suspended from the Bar, i.e., from the amended effective date of the prior order of suspension (Feb. 5, 1968) until the stay was granted by the Court of Appeals (April 11, 1968).